IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ORIX USA CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _______________ |
| PRESTON HOLLOW CAPITAL, LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**ORIGINAL COMPLAINT**

Plaintiff ORIX USA Corporation ("ORIX USA") files this Original Complaint against Defendant Preston Hollow Capital, LLC, and would show the Court as follows:

## I. INTRODUCTION

1. Preston Hollow Capital, LLC ("Defendant" or "Preston Hollow") was formed no later than 2013 and immediately set out to misappropriate, infringe and steal from its direct competitor, ORIX USA Corporation ("Plaintiff" or "ORIX USA"), by corrupting Plaintiff's employees and by inducing them (in some cases unwittingly) to violate their contractual and common law duties. When Preston Hollow was first formed it had two employees (ORIX USA CEO Jim Thompson and ORIX USA President of Municipal Finance Cliff Weiner), no office space and no business. In 2013 an ORIX USA paralegal was instructed by Thompson (still the ORIX USA CEO) on behalf of Defendant to incorporate Preston Hollow which she accomplished using ORIX USA computers and resources.

2. Another ORIX USA employee was instructed by Weiner to retain a third party vendor to create identical "pitch books," one for ORIX USA and one for Preston Hollow. The vendor was instructed to "create the Book for ORIX 1st" and then use "the SAME book for

Preston Hollow Capital." The "pitch books" were to be used for potential customers and investors. Weiner paid the vendor (Ovis Creative) for the pitch books with his personal credit card.

3. Preston Hollow knew that Thompson had a fiduciary duty to Plaintiff, a covenant not to compete agreement with Plaintiff, and a separate non-solicitation agreement. It also knew that Weiner owed duties to it. In disregard of these common law and contractual obligations Defendant induced Thompson and Weiner to rent office space (in the same building as ORIX USA), solicit senior executives and staff to leave Plaintiff and misappropriate the ORIX USA business plan and methods as well as infringe on its trademark. All while Thompson served as CEO of ORIX USA. Indeed, Defendant encouraged Thompson to speak to the press on December 12, 2013, two weeks before he resigned, and in one article he was quoted as saying that "he" had gotten too big for his "partner," ORIX USA, implying that Preston Hollow would be bigger and more attractive than Plaintiff.

4. The initial press release announcing Preston Hollow's new business was issued on January 7, 2014, while its CEO (Thompson) was still subject to non-compete and non-solicitation agreements with Plaintiff. The press release mentions ORIX USA over a dozen times and states that all of Preston Hollow's business knowledge, success and acumen was derived from ORIX USA which it implied could no longer deliver competitive services to its customers. Defendant used ORIX USA financial information to lure potential investors even after Preston Hollow sought and was refused permission by Plaintiff to use this data. By the time of the first press release (several days after Thompson resigned as ORIX CEO) it had already, as the release said, "commenced operations with committed capital of $100 million." These

"commitments" were obtained while Thompson was still employed by ORIX USA and under his non-compete and non-solicitation agreements.

5. Defendant's unlawful conduct is described in more detail below and exposes Preston Hollow to liability, damages and attorneys' fees for trademark infringement, violation of federal statutes protecting computer fraud and abuse and unfair competition and common law claims of tortious interference with contractual relations and misappropriation.

## II.     THE PARTIES

6. Plaintiff ORIX USA is a Delaware corporation, with its principal place of business at 1717 Main Street, Suite 1100, Dallas, Texas 75201.

7. Defendant Preston Hollow is a Delaware limited liability company with its principal place of business at 1717 Main St., Suite 3900, Dallas, TX 75201.  Preston Hollow does business throughout the United States, advertises to customers in the Eastern District of Texas via the internet, and solicits business for its services in the Eastern District of Texas. Preston Hollow may be served with process through its registered agent, Capital Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78702.

## III.    JURISDICTION AND VENUE

8. This action arises under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*  Accordingly, original jurisdiction over this cause of action is conferred upon this Court pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338.  This Court has supplemental jurisdiction over the common law claims asserted herein under 28 U.S.C. § 1367(a).

9. This Court has personal jurisdiction over Preston Hollow because Preston Hollow has substantial, continuous, and systematic contacts with the State of Texas in connection with Preston Hollow's business.  Preston Hollow regularly conducts and solicits business in the State

of Texas and in this District, rents or leases office space and derives substantial revenue from its services within the State of Texas, engages in other persistent courses of conduct within the State of Texas and this District, and regularly and systematically directs Preston Hollow's activities into the State of Texas and this District with the manifest intent of engaging in business within this District.

10. Venue in this District is proper under 28 U.S.C. §§ 1391(b) and (c).

## IV. FACTS

### A. ORIX USA.

11. ORIX USA is a premier financial services group headquartered in Dallas, Texas and is recognized as a leader in the fields of corporate capital, real estate, municipal finance, asset management, healthcare, energy, and principal investments.

12. ORIX USA is the owner of the ORIX USA service mark (the "Mark") for, among other things, financial management and consulting services, investment banking services, loan financing services, and real estate investment consulting services. The Mark, as used in connection with these services is inherently distinctive to the public and serves primarily as a designation of origin of such services emanating from or sponsored or licensed by ORIX USA. ORIX USA has sold services under the Mark, nationwide including in the State of Texas, for more than two decades. ORIX USA has done so to distinguish its services from similar services offered by other companies, by, and without limitation, prominently displaying said Mark in advertising and promotional materials distributed throughout the United States.

13. ORIX USA's yearly sales of services under the Mark total in the millions of dollars. The services provided under the Mark are renowned for their quality, solid financial backing, and are identified and recognized as being exclusively from ORIX USA by virtue of its use of the Mark.

14. ORIX USA's Policies and Procedures, which every ORIX USA employee, including Thompson and Weiner, must read and sign, expressly state that its computer systems are provided by ORIX USA for ORIX USA business use. The Policies and Procedures state that the ORIX USA network exists to facilitate ORIX USA's operations, including provide access to information for internal use and external reporting; provide access to external information; enhance external electronic communication; and enable employees to work offsite. They also expressly prohibit illegal or inappropriate personal use of ORIX USA's computer systems.

**B.    Defendant's Unlawful Conduct.**

15. Thompson was the CEO of ORIX USA until December 2013. While he was CEO, Thompson conceived ORIX USA's direct competitor, Preston Hollow. During his tenure as CEO of ORIX USA, he made the Preston Hollow concept a reality.

16. In the last few months of Thompson's tenure as ORIX USA's CEO, he created and formed Defendant Preston Hollow while he was CEO of ORIX USA. He, directing an ORIX USA paralegal to process the required paperwork on an ORIX USA computer, incorporated Preston Hollow in Delaware. Specifically, on October 25, 2013, Preston Hollow was incorporated by this ORIX USA paralegal using ORIX USA computer equipment, time, and efforts to accomplish this on Preston Hollow's behalf. The computer equipment used at Thompson's direction to incorporate Preston Hollow was to be used exclusively for or in support of the financial services provided by ORIX USA. When that equipment was used, which facilitate ORIX USA's dealings in interstate commerce, to incorporate Preston Hollow, it not only exceeded the authorized use of ORIX USA's computer systems; Preston Hollow, through Thompson, had a new entity created that would become ORIX USA's direct competitor. In fact, the new entity set up its operations in Dallas, Texas, in the same building as ORIX USA.

17.     Preston Hollow's ranks were soon filled with a steady stream of ORIX USA employees that Preston Hollow hired to compete with it.  Its executive suite formally came together as soon as Thompson retired.  Preston Hollow induced several ORIX USA (and subsidiary) executives to make the move to Preston Hollow to compete with ORIX USA almost immediately.  On information and belief, this inducement occurred prior to Thompson's retirement, and Preston Hollow enlisted Thompson's recruitment services with full knowledge of his contractual obligations of noncompetition (with ORIX USA) and nonsolicitation (of ORIX USA's employees).  As a result, Cliff Weiner transitioned in January 2014 from his role as CEO and president of ORIX USA municipal finance to Preston Hollow's managing director.  Mike Cousins became Preston Hollow's Chief Financial Officer after holding the same position at ORIX USA for seventeen years.  John Dinan became the General Counsel in early 2014 after serving as Director and Senior Legal Counsel for ORIX USA since 2001.  Preston Hollow ensured that others were not far behind.

18.     On information and belief, Preston Hollow used ORIX USA's name, information, and reputation to begin competing with it immediately.  In fact, as stated on the landing page of Preston Hollow's website, www.phcllc.com (the "Site") the company's use of ORIX USA's name, personnel, and information is essential to its success:

**Welcome**

Preston Hollow Capital is a Dallas-based merchant bank focused on municipal specialty finance, commercial finance and asset management. Preston Hollow Capital was formed in 2014 by a senior team from ORIX USA comprised of executive management, sourcing, credit and business operations professionals.

A true and correct copy of the homepage of the Site is attached hereto as Exhibit 1.  Indeed, the stated focus of Preston Hollow was—and remains—areas in which ORIX USA operated under its former executives' leadership and continues to operate to this day.

19. Preston Hollow's ability to hit the ground running in at least 2014 was due to former ORIX USA management, ORIX USA confidential and proprietary information, and the associated ORIX reputation that was utilized to fuel that success.

20. Since Preston Hollow was formed, Preston Hollow deliberately and methodically hired away other employees from ORIX USA and its subsidiaries. But the object of this operation was not (and still is not) just to hire any employees. Indeed, Preston Hollow has recruited employees from ORIX USA and its subsidiaries that it knows have extensive access to confidential and proprietary information obtained from the collective decades of experience at ORIX USA and its subsidiaries. And Preston Hollow knew that the information would directly work to Preston Hollow's advantage because of its otherwise confidential and proprietary nature.

21. Further, Preston Hollow knew that the ORIX USA employees who were targeted to join Preston Hollow's ranks have confidentiality agreements and fiduciary duties to ORIX USA and its subsidiaries. But Preston Hollow has knowingly induced and aided the former ORIX USA employees to breach those duties and obligations by using ORIX USA's confidential information for Preston Hollow's gain in a manner adverse to ORIX USA. Indeed, the violated confidentiality obligations survived each employee's termination at ORIX USA, but Preston Hollow insured the information possessed by those employees worked to their mutual benefit. Preston Hollow's deliberate interference with the contracts between ORIX USA and its employees continues to this day.

22. But it was not just the information these employees knew that prompted Preston Hollow to hire ORIX USA employees. Notwithstanding Preston Hollow's knowledge of ORIX USA's rights in the Mark and Preston Hollow's contractual undertakings to ORIX USA regarding noncompetition, Preston Hollow immediately began relying heavily on the ORIX USA

name and its associated reputation to jumpstart its success.  A Preston Hollow "News" item, at http://www.phcllc.com/news, includes Preston Hollow's very first press release entitled "Preston Hollow Capital, LLC Launched by Former CEO of ORIX USA," located at http://www.businesswire.com/news/home/20140107006282/en/Preston-Hollow-Capital-LLC-Launched-CEO-ORIX, which references "ORIX" thirteen times.  A true and correct copy of the press release is attached hereto as Exhibit 2.

      23.      That press release advertised, in part:

> The principle that I used to guide ORIX USA investment strategy is the same that will be employed at Preston Hollow Capital. That principle emphasized investment activity across a broadly defined opportunity set and the employment of team-based investment professionals with strong generalist skill sets. . . . Preston Hollow Capital anticipates 2014 hiring to include more than 25 people with diverse financial, investment and portfolio management backgrounds. . . . Building a talented team will be as important to the success of the new platform as it was to building ORIX USA.

(*See* Exhibit 2).

      24.      This stated concept of taking ORIX USA's strategies and selling it as Preston Hollow's own is realized repeatedly on Preston Hollow's website.  Preston Hollow's executives advertise their value to potential customers as though it is ORIX USA's services being bought.  For Cliff Weiner: "Prior to joining Preston Hollow Capital in January 2014, Cliff spent 17 years with ORIX USA in multiple capacities."  For Mike Cousins: "Before joining Preston Hollow Capital, Mr. Cousins served as CFO for ORIX USA for 17 years, where he had responsibility for accounting, tax, human resources, IT, treasury, credit review functions and corporate development transactions including acquisitions and due diligence support."  John Dinan: "Mr. Dinan previously served as Director and Senior Legal Counsel for ORIX USA, which he joined in 2001 to provide a multifaceted range of legal and investment support to the real estate, capital

markets, corporate finance and municipal investment divisions." Greg May: "Greg previously served as Deputy General Counsel for ORIX USA, where he provided a broad range of legal, transactional and governance support to ORIX USA's various business lines in the investment banking, asset management, real estate finance and life sciences sectors." May left ORIX USA in July 2014. The list goes on and on, with other Preston Hollow leaders (such as Max Pickle, Kandice Stephens, John Bills, Nga Nguyen, and Michel Benitez) touting ORIX USA's success as their own in advertising the financial services they provide Preston Hollow's customers. Indeed, the biographical descriptions of ten Preston Hollow employees make liberal use (at least 29 times) of ORIX or ORIX USA in advertising the Preston Hollow services.

25. Even Preston Hollow's strategy, as read on www.phcllc.com/about, is not materially different from that of ORIX USA, as seen on www.orix.com/firm/our-business/.

26. ORIX USA lists its primary services as "investment capital and asset management services to clients internationally in the corporate, real estate and municipal finance sectors."

27. The "About" section of the Preston Hollow Web Site (the "Site"), at http://phcllc.com/about, prominently advertises that "Preston Hollow Capital was formed in January 2014 by a senior team from ORIX USA . . ." –



28. A true and correct copy of the "About" page of the Site is attached hereto as Exhibit 3. To be sure, the financial services advertised are the same as ORIX USA, and Preston Hollow goes so far as to follow its stated services with another reference to ORIX to reiterate the similarities.

29. The HTML source code for the Site, used by search engines to gain information about the Site, also includes a reference to ORIX USA –

```
    </header>
    <p style="text-indent: -18.239999771118164px;">Preston Hollow Capital is a Dallas-based
Hollow Capital was formed in 2014 by a senior team from ORIX USA comprised of executive mana
<script type="text/javascript">// <![CDATA[
(function(i,s,o,g,r,a,m){i['GoogleAnalyticsObject']=r;i[r]=i[r]||function(){
  (i[r].q=i[r].q||[]).push(arguments)},i[r].l=1*new Date();a=s.createElement(o),
  m=s.getElementsByTagName(o)[0];a.async=1;a.src=g;m.parentNode.insertBefore(a,m)
  })(window,document,'script','//www.google-analytics.com/analytics.js','ga');
```

A true and correct copy of the pertinent HTML source code is attached hereto as Exhibit 4.

30. Preston Hollow is not associated or affiliated with ORIX USA and has never been authorized or otherwise licensed to use the Mark or any other confusingly similar reference thereto in connection with the sale or offering for sale of Preston Hollow's services.

31. Preston Hollow has infringed the Mark in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion and advertising merchant bank services focused on municipal specialty finance, commercial finance and asset management and, in doing so, is unlawfully using the Mark. This includes Preston Hollow's operation of an Internet Web site that prominently displays, advertises, and promotes its services using the name ORIX USA.

32. Preston Hollow's use of the Mark in connection with the Preston Hollow services is without permission or authority of ORIX USA and said use is likely to cause confusion, to cause mistake and/or to deceive.

33. Preston Hollow's use of the Mark in connection with the Preston Hollow services has been made notwithstanding ORIX USA's well-known and prior established rights in the Mark.

34. On information and belief, Preston Hollow's unauthorized use of the Mark used in association with its services is borne from a deliberate intent to ride on the fame and goodwill of the Mark and with the deliberate intent to create a false impression as to the source or sponsorship of Preston Hollow's services or to otherwise compete unfairly with ORIX USA. The goodwill that ORIX USA has built up in its brand through years of substantial investment and effort is put at risk by virtue of Preston Hollow's appropriation of the Mark to sell its own services.

35. Preston Hollow's conduct has caused and, unless enjoined by the Court, will continue to cause irreparable injury to ORIX USA. ORIX USA has no adequate remedy at law.

## V. CAUSES OF ACTION

**COUNT 1: Computer Fraud and Abuse Act – 18 U.S.C. § 1030**

36. Plaintiff repeats and incorporates herein by reference the allegations above.

37. The Computer Fraud and Abuse Act ("CFAA") applies to any computers used in interstate commerce and provides that "[a]ny person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief." *See* 18 U.S.C. § 1030(g).

38. The civil action provision applies whenever a person: (1) intentionally accesses a computer without authorization or exceeds authorized access and thereby obtains information from any protected computer (18 U.S.C. § 1030 (a)(2)(C)); (2) knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value (18 U.S.C. § 1030 (a)(4)); or (3) knowingly causes the transmission of a command, and as a result of such conduct intentionally causes damage without authorization to a protected computer, or intentionally accesses a protected computer without authorization and causes damage or loss (18 U.S.C. § 1030 (5)(A), (B), or (C)). Preston Hollow engaged in such unlawful actions and are liable to ORIX USA under the CFAA.

39. Due to Defendant's conduct, ORIX USA has sustained losses in excess of $5,000 for any one-year period.

**COUNT 2: Trade Secret Misappropriation under Texas law – TEX. CIV. PRAC. & REM. CODE § 134A**

40. Plaintiff repeats and incorporates herein by reference the allegations above.

41. ORIX USA owned certain confidential and proprietary information that Preston Hollow employees knew and could readily access during their employment at ORIX USA.

42. Preston Hollow, through its employees, misappropriated that information when it was acquired by improper means from other individuals formerly employed by ORIX USA who were required to maintain its secrecy.

43. Preston Hollow's misappropriation of ORIX USA's trade secrets has caused ORIX USA to suffer monetary damages and has caused Preston Hollow to be unjustly enriched. Further, ORIX USA is entitled to exemplary damages because Preston Hollow's misappropriation was committed willfully and maliciously.

**COUNT 3:    Tortious Interference with Contracts under Texas law**

44. Plaintiff repeats and incorporates herein by reference the allegations above.

45. Preston Hollow has and continues to intentionally and wrongfully interfere with the contractual relationships ORIX USA has with its employees. Preston Hollow tortiously interfered in the contractual relationships of at least Thompson, Weiner, Cousins, and Dinan when it had induced their employment at Preston Hollow despite the employees' nonsolicitation agreements, the breach of the fiduciary duties owed by the employees to ORIX USA, the breach of the employees' noncompetition agreements with ORIX USA.

46. Preston Hollow's conduct is unjustified and without any legal excuse or privilege, thus constituting tortious interference with ORIX USA's contracts. As a direct and proximate cause of Preston Hollow's misconduct, ORIX USA has been damaged by lost employees, profits, customers, and business opportunities. Further, Preston Hollow has committed this tortious interference with malice or reckless disregard of ORIX USA's rights.

47. Accordingly, ORIX USA seeks compensatory and punitive damages against Preston Hollow for its various and continuing acts of tortious interference with contract.

**COUNT 4:   Service Mark Infringement, False Designation of Origin and Unfair Competition under 15 U.S.C. § 1125(a)**

48. Plaintiff repeats and incorporates herein by reference the allegations above.

49. Preston Hollow has used the ORIX USA Mark in connection with Preston Hollow's services in interstate commerce. Preston Hollow's acts as alleged constitute service mark infringement, false designation of origin, false representation and false description which is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection or association of Preston Hollow with ORIX USA and as to the origin, sponsorship, or approval of Preston Hollow's services and commercial activities by ORIX USA.

50. Preston Hollow's actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51. Upon information and belief, Preston Hollow's unlawful activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to ORIX USA's business, reputation and good will in the Mark. ORIX USA has no adequate remedy at law.

**COUNT 5:   Trademark Infringement and Unfair Competition under Texas law**

52. Plaintiff repeats and incorporates herein by reference the allegations above.

53. Preston Hollow's activities as stated herein constitute unfair competition and an infringement of ORIX USA's common law trademark rights in the Mark within the State of Texas and in violation of Texas law.

54. Preston Hollow was on notice of ORIX USA's exclusive rights in the ORIX USA Mark and brand before it began advertising using the Mark. As a result, Preston Hollow's use of the Mark for Preston Hollow's own purpose is willful and in bad faith. As a result of Preston

Hollow's unlawful activities, Preston Hollow has been unjustly enriched and ORIX USA has been damaged.

55. Upon information and belief, Preston Hollow's unlawful activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to ORIX USA's business, reputation and good will in its Mark. ORIX USA has no adequate remedy at law.

## VI.   JURY DEMAND

56. Plaintiff demands a trial by jury on all causes of action.

## VII.   CONCLUSION AND PRAYER

**WHEREFORE, Plaintiff prays:**

57. That a preliminary and permanent injunction issue restraining Preston Hollow, its agents, servants, employees, successors and assigns and all others in concert and privity with them from using the name ORIX USA in connection with the offering of financial services, from engaging in false designation of origin, from unfairly competing with ORIX USA, from tortious interference with contract, and from engaging in misappropriation, pursuant to Section 34 of the Lanham Act (15 U.S.C. § 1116), Tex. Civ. Prac. & Rem. Code § 134A and the equitable power of this Court to enforce the common law of the State of Texas.

58. That Preston Hollow be required to account to ORIX USA for Preston Hollow's profits and the actual damages suffered by ORIX USA as a result of Preston Hollow's acts of infringement, false designation of origin, unfair competition, misappropriation, and tortious interference with contract, together with interest, and that ORIX USA's recovery be trebled, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117), Tex. Civ. Prac. & Rem. Code § 134A, and the common law of the State of Texas.

59. That Preston Hollow be ordered to surrender for destruction all nameplates, labels, advertisements, and other materials incorporating or reproducing the infringing ORIX USA service mark, pursuant to Section 36 of the Lanham Act (15 U.S.C. § 1118), and the equitable power of this Court to enforce the common law of the State of Texas;

60. That Preston Hollow be compelled to pay ORIX USA's attorneys' fees, together with costs of this suit, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117).

61. That Defendant be compelled to pay Plaintiff's actual damages, Defendant's profits, and punitive damages.

62. For such other and further relief as may be just and equitable.

Dated: October 23, 2015

          Respectfully submitted,

          **JACKSON WALKER LLP**

          By: */s/ Charles L. Babcock*
              David Folsom
              Texas State Bar No. 07210800
              Email: dfolsom@jw.com
              6002 Summerfield, Suite B
              Texarkana, Texas 75503
              (903) 255-3250
              (903) 255-3265 – Fax

              Charles L. Babcock
              Lead Attorney
              Texas State Bar No. 01478500
              Email: cbabcock@jw.com
              Carl C. Butzer
              Texas State Bar No. 03545900
              Email: cbutzer@jw.com
              Lauren E. Mutti
              Texas State Bar No. 24050042
              Email: lmutti@jw.com
              2323 Ross Avenue, Suite 600
              Dallas, Texas 75201
              (214) 953-6000
              (214) 953-5822 – Fax

Nancy W. Hamilton
Texas State Bar No. 11587925
Email: nhamilton@jw.com
John K. Edwards
Texas State Bar No. 24002040
Email: jedwards@jw.com
Joel R. Glover
Texas State Bar No. 24087593
Email: jglover@jw.com
1401 McKinney Street, Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 – Fax

Of Counsel:
George L. McWilliams
Texas State Bar No. 13877000
Law Office of George L. McWilliams, P.C.
Post Office Box 58
Texarkana, Texas-Arkansas 75504
Telephone: (870) 772-2055
Facsimile: (870) 772-0513
Email: glmlawoffice@gmail.com

**ATTORNEYS FOR PLAINTIFF ORIX USA**