IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ORIX USA CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:15-cv-00170 |
| | § | |
| PRESTON HOLLOW CAPITAL, LLC, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**<u>AGREED PROTECTIVE ORDER</u>**

The Court issues this Agreed Protective Order ("Agreed Order") to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Agreed Order, this Agreed Order shall remain in effect through the conclusion of this litigation.

In support of this Agreed Order, the Court finds that:

A.   The parties to this litigation ("Parties") have indicated that certain documents they have produced or will produce contain or may contain material of a confidential and/or proprietary nature including, but not limited to, confidential business materials, proprietary information or personnel information regarding individuals who have not asserted claims in this suit; and

B.   The Parties have indicated that the confidential and/or proprietary information already produced or to be produced by the Parties does not concern matters that have a probable adverse effect upon the general public health and safety, or the administration of public office, or the operation of government; and

C.   The Parties have indicated they believe that no less restrictive means than

restricting the use and disclosure of these confidential documents will adequately and effectively protect the specific interests asserted; and

D. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1. This Agreed Order is entered for purposes of this action and shall remain in full force and effect unless modified by an Order of the Court or by the written stipulation of the Parties filed with the Court. Any such written stipulation must be approved by the Court. This Agreed Order applies to the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties joined in or providing discovery in this action, and all other interested persons with actual or constructive notice of this Agreed Order, for the sole purpose of facilitating discovery and the conduct of hearings in the above-styled and numbered cause.

2. "Confidential Information" shall mean all information designated as "Confidential" as provided in this Agreed Order produced or otherwise disclosed in connection with this action including (a) all documents and things and copies thereof, (b) answers to interrogatories and responses to requests for admissions, and (c) all testimony given in this action by the Parties, their officers, consultants, experts, directors, agents, and/or employees, whether by deposition or at trial, which this Agreed Order or a party so designates, including all transcripts thereof.

3. Confidential Information in documentary or written form shall be designated as confidential by marking each page of the document or writing containing Confidential Information "CONFIDENTIAL", as applicable. This designation shall be plainly legible on each

page of each document, and may be made on the original document or copies thereof that are produced or exchanged.

    4.    Subject to the provisions of paragraph 1, Confidential Information designated by a party shall be given, shown, disclosed, described, made available or communicated only to the following persons associated with another party:

    a.    For Plaintiff:

        (i)    Plaintiff's current employees whom Plaintiff determines are necessary for the prosecution of this lawsuit; and

        (ii)    Plaintiff's counsel of record and stenographic, clerical, and paralegal employees of Plaintiff's counsel whose function require access to Confidential Information.

    b.    For Defendant:

        (i)    Defendant's current employees whom Defendant determines are necessary for the prosecution of this lawsuit; and

        (ii)    Defendant's counsel of record and stenographic, clerical, and paralegal employees of Defendant's counsel whose function require access to Confidential Information.

    c.    Before a person covered in 4(a)(i) and 4(b)(i) above shall receive any such Confidential Information of another party, such person shall receive a copy of this Agreed Order and shall execute a Non-Disclosure Agreement in the form of Exhibit A hereto.

    d.    Court personnel and court reporters covered by Paragraph 10 below.

    e.    Experts or consultants, including their support personnel, whose advice and consultation are being or will be used by such party in connection with the conduct of this action.

Counsel desiring to disclose Confidential Information to such experts or consultants shall have such persons execute an Agreed Order in the form of Exhibit A before disclosure is made.

  f. Independent litigation support services retained by counsel for the purposes of this action.  Counsel desiring to disclose Confidential Information to such persons shall have such persons execute an Agreed Order in the form of Exhibit A from the supervisor or each service which may require access to such materials before such disclosure is made.

  g. Such other persons as hereafter may be designated by written stipulation of the disclosing party or by further order of the Court on motion by any party to this action.

  h. As to persons not otherwise covered by subparagraphs 4(a)-(g), a party may disclose material designated as "Confidential" to potential witnesses and deponents (1) who, from the face of the document, appear as an author or recipient of a document; (2) who appear upon the face of the document to be the subject of the document; or (3) from whom there is a good faith basis to believe the potential witness or deponent has knowledge of the contents of a document.  Such persons must sign the Agreed Order set out in Exhibit A prior to any disclosure of "Confidential" information.

  5. A party shall designate as Confidential Information only materials which that party in good faith believes constitute such material that is not generally known to the public and/or which the party would normally not reveal to third parties or would cause third parties to maintain in confidence.  Confidential Information shall be used by the Parties to this action solely for the purposes of conducting this litigation.  The provisions of this Agreed Order with respect to Confidential Information shall not apply to information that was, is, or becomes accessible to the public, not in violation of this Agreed Order.

  6. **NO PERSON, FIRM, CORPORATION, OR OTHER ENTITY SHALL USE**

**CONFIDENTIAL INFORMATION IN ANY MANNER WHATSOEVER EXCEPT FOR DISCOVERY, MOTION PRACTICE, PREPARATION FOR TRIAL, TRIAL, AND ANY APPEAL OF THIS ACTION. FURTHERMORE, NO PERSON, FIRM, CORPORATION OR OTHER ENTITY SUBJECT TO THIS AGREED ORDER SHALL GIVE, SHOW, DISCLOSE, MAKE AVAILABLE OR COMMUNICATE CONFIDENTIAL INFORMATION TO ANY PERSON, FIRM, CORPORATION OR OTHER ENTITY NOT EXPRESSLY AUTHORIZED BY THIS AGREED ORDER TO RECEIVE SUCH CONFIDENTIAL INFORMATION.**

7. All Confidential Information filed with the Court for any purpose shall be filed in a sealed envelope or other container marked on the outside with the title of the action, an identification of each item within and a statement substantially as follows:

> **Confidential Information Subject to Protective Order. This item shall not be opened except as ordered by the Court in this action or upon written stipulation executed by all of the Parties and filed in Court in this action.**

This envelope shall not be opened except as ordered by the Court or upon written stipulation executed by all of the Parties, or their counsel, and filed in Court in this action.  In the event that the Parties file Confidential Information with the Court by means of electronic filing only, the Parties shall file such information under seal consistent with the sealing requirements of the Court for such electronic filings.

8. In the event a party quotes or publishes the specific content of any Confidential Information in any affidavits, briefs, memoranda of law or other papers filed in Court in this action, such affidavits, briefs, memoranda of law or other papers so filed shall be designated as "Confidential Information - Subject to Protective Order" and shall be maintained under seal by the Court.

9. With respect to testimony of a party or a party's officers, employees, directors, agents, consultants, and/or experts, elicited during depositions, hearings and other proceedings, whenever counsel for a party deems that any question or line of questioning calls for the disclosure of information which relates to his or her client and which should be treated as Confidential Information with respect to such client, counsel shall designate on the record prior to such disclosure or any time before the deposition, hearing or other proceedings is adjourned that such testimony is "Confidential" information.  In such situations, the question(s) and answer(s) designated by counsel as pertaining to Confidential Information at the option of the designating party may be transcribed separately from the remainder of the deposition, hearing or other proceeding.  The Party making the designation will bear all additional expenses associated with the marking and binding of such transcript portions and/or exhibits.  Portions of transcripts, or separate transcriptions, designated as including either Confidential Information shall be retained by counsel, unless filed in this Court, in which event they shall be filed in an envelope

under seal and the envelope shall include on its face the statement reflected in paragraph 7 of this Agreed Order.

10. Counsel for any party may exclude from the room during a deposition, hearing or other proceedings, any person (other than the witness who is then testifying) who is not entitled under this Agreed Order to receive Confidential Information. Confidential Information shall not be disclosed to the witness then testifying except in strict conformity with the provisions of this Agreed Order, including the requirement that the testifying witness agrees to be bound by the terms of this Agreed Order by executing the Agreed Order set forth in Exhibit A.

11. Any court reporter or transcriber who reports or transcribes testimony in this action at a deposition shall agree by a statement on the record, before recording or transcribing any such testimony constituting Confidential Information that all such testimony and information revealed at the deposition is and shall remain confidential and shall not be disclosed by such reporter or transcriber except to the attorneys for each party and any other person who is present while such testimony is being given, and that copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in confidentiality and safekeeping by such reporter or transcriber or shall be delivered to the undersigned attorneys.

12. The inadvertent or unintentional production of information containing Confidential Material or information that may be subject to privilege under the Federal Rules of Civil Procedure or Federal Rules of Evidence, with or without being designated as "Confidential" at the time of the production, shall not be deemed a waiver, in whole or in part, of a Party's claim to the confidentiality or secrecy of the documents or information produced. A Party must correct any designation error as soon as reasonably possible after the designating Party becomes aware of the error by advising in writing the persons to whom such information

has been disclosed or produced.  The Party making the designation must provide another copy of the information that bears the new and correct designation to persons who may properly receive such information under this Agreed Order.  All persons who received such information in error, shall either immediately return all such information to counsel for the producing Party or destroy the Confidential Material rather than return it to the producing Party.  If any of the Parties decide to destroy the Confidential Material rather than return it to the producing Party, counsel for the Party must verify to counsel for the producing Party in writing, on behalf of the firm and the party, that the receiving Party has in fact destroyed all such documents.

13. Any Party may designate material as "Confidential" after production by advising in writing the persons to whom such information has been disclosed or produced.  If the Party originally produced the information without a designation intentionally, and not inadvertently, any new designation applies only as of the date and time of receipt of notice by each person notified.  The Party making the designation must provide another copy of the information that bears the new and correct designation to persons who may properly receive such information under this Agreed Order.  All persons who originally received such information, but who are no longer permitted to view such information under the new designation, shall immediately return all such information to the producing Party.

14. The Clerk of the Court is directed to maintain under seal all documents and all transcripts of deposition testimony filed with this Court in this action by any party which are, in whole or in part, designated as Confidential Information including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such information.  The person filing such material shall advise the Clerk, as set forth in paragraph 6 hereof, that all or a designated portion thereof is subject to this Agreed Order and is

to be kept under seal, except that upon the default of the filing party to so designate, any party may do so.

15. In the event that any Confidential Information is used in any court proceeding, it shall not lose its Confidential status merely through such use in conformance with this Agreed Order, and the Parties shall take all steps reasonably required to protect its confidentiality during such use.

16. In the event that any Party to this litigation disagrees with the designation by the designating Party of any information as "Confidential," the Parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If a dispute with respect to the designation of documents or information as "Confidential," cannot be resolved, the objecting Party may invoke this Agreed Order by objecting within thirty (30) days of the production of such documents in writing to the Party that has designated the document or information as "Confidential," and the objecting Party may then seek an order from the Court de-designating the document or information as "Confidential." The document or information shall remain "Confidential" until the Court has an opportunity to rule on its status.

17. The procedure set forth herein shall not affect the rights of the Parties to object to discovery on grounds other than those related to the confidentiality of documents, nor shall it relieve a party of the necessity of proper response or objection to discovery requests, nor shall it limit or preclude either party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure, the Local Rules of this Court, or from applying to the Court for relief from this Agreed Order.

18. Any Party may also designate in good faith and in accordance with this Agreed Order as Confidential Information pertaining to that Party which is produced in this case by non-

parties pursuant to requests for production, depositions on written questions or otherwise, by notifying all Parties in writing within thirty (30) days after the production of such information, or thirty (30) days after the entry of this Agreed Order as to any information provided prior to this Agreed Order.  Any non-parties who produce documents or information in this case pursuant to requests for production, depositions on written questions or otherwise may also designate such documents or information as Confidential Information by notifying all parties in writing within thirty (30) days after the provision of such information, or thirty (30) days after the entry of this Agreed Order.

19. Within sixty (60) days after the conclusion of this action including appeals, all documents designated by the other party as containing Confidential Information under the terms of this Agreed Order including all documents incorporating such information, shall be delivered to counsel for the designating party, destroyed or made inaccessible to the non-designating party, unless otherwise agreed to in writing.  If a party chooses to destroy such confidential information, then counsel for that party shall provide a written certification that all confidential documents incorporating confidential information have been destroyed within the sixty (60) day period described in this paragraph.

20. The duty of non-disclosure of any Confidential Information shall survive five (5) years after the conclusion of this action.

21. This Agreed Order shall be effective between the Parties upon execution by attorneys for the Parties pending entry by the Court.

**SIGNED this 11th day of January, 2016.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| ORIX USA CORPORATION, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:15-cv-00170 |
| PRESTON HOLLOW CAPITAL, LLC, | § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

## NONDISCLOSURE AGREEMENT

1.  I certify that I have received and have carefully read the Agreed Protective Order (hereinafter the "Order") in the above-captioned civil action and that I fully understand the terms of the Court's Order. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms.

2.  I understand that the disclosure of any material or documents subject to the Order, or the dissemination of any information contained in them, is expressly prohibited, except as necessary to discuss such information with the attorneys of record in this case.

3.  I agree that I will not disclose or disseminate any such material or documents or any information contained in them, except to the attorneys of record in this case. I also agree that I will not use any materials or documents provided or shown to me pursuant to this Order for any purpose **EXCEPT** for giving testimony or providing services to the attorneys in this lawsuit. I agree to deliver to such attorneys any report, summary of expected testimony, or written opinion containing information designated as Confidential in a sealed envelope clearly marked, "Confidential-Subject to Court Order."

- 2 -

    4.    I understand that the original of this Nondisclosure Agreed Order will be retained by the attorneys of record for _____ [party] and that a copy of this agreement will be sent to the attorneys of record for _____ [adverse party].

Dated: _____, 2016.    Signature: _____

                                                    Printed Name: _____

                                                    Affiliation: _____

                                                    Address: _____

                                                   Address: _____

                                                   Telephone: _____