IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **ORIX USA CORPORATION,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 5:15-cv-00170-RWS |
| **PRESTON HOLLOW CAPITAL, LLC,** | § § § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO QUASH NONPARTY SUBPOENAS, MOTION FOR PROTECTIVE ORDER, AND ALTERNATIVE MOTION TO STAY NONPARTY DISCOVERY UNTIL RESOLUTION OF THE MOTION TO TRANSFER**

Defendant Preston Hollow Capital, LLC ("PHC") hereby files its Motion to Quash Plaintiff ORIX USA Corporation's ("ORIX USA") Nonparty Subpoenas, Motion for Protective Order, and Alternative Motion to Stay Discovery until Resolution of the Motion to Transfer, and states as follows:

**INTRODUCTION**

PHC moves to quash 20 nonparty subpoenas served by ORIX USA and seeks an order protecting those nonparty entities from burdensome and unnecessary document discovery for the following reasons.

*First*, the nonparty subpoenas impose an undue burden on the nonparties because the document requests contained in the subpoena are facially overbroad and seek information obtainable from more convenient, less burdensome, and less expensive sources, including PHC. Indeed, because most—if not all—of the documents requested from these third parties are within

PHC's possession, custody or control in Dallas, Texas, there is no reason to subject nonparty entities located across the country to these burdensome requests.

*Second*, the nonparty subpoenas were issued for the sole purpose of harassment and to deliberately interfere with PHC's current and prospective business relationships and to exert settlement pressure in the lawsuits against ORIX USA pending in Dallas County, Texas. In the alternative, PHC requests that this Court stay the subpoena production date until after the Court resolves the motion to transfer venue, a threshold matter in this case.

## BACKGROUND

This discovery dispute stems from two ongoing lawsuits involving PHC employees, Jim Thompson and Clifford Weiner, and their former employer, ORIX USA, both pending in District Court in Dallas County, Texas. James R. Thompson is the founder and current CEO of Preston Hollow. (*See* Dkt No. 14-1 ¶ 2.) Prior to founding Preston Hollow, Thompson served as CEO of ORIX USA from May 1997 until December 2013. (*Id.*) Following his decision to leave ORIX USA, Thompson attempted to exercise an equity option that ORIX USA had previously granted him as part of his compensation package. (*Id.* ¶ 4.) ORIX, however, claimed that Thompson's equity option—which it had previously reviewed, approved, and reaffirmed to Thompson on numerous occasions—never existed and rejected Thompson's attempt to exercise. (*Id.*) As a result, on October 31, 2014, Thompson filed a lawsuit against ORIX alleging claims for breach of contract and fraud (among others) in the 298th Judicial District Court in Dallas County, Texas (the "Thompson Lawsuit"). (*Id.* ¶ 5.)

While the Thompson Lawsuit was entering its initial phase, another case involving a similar equity option ORIX granted to another former ORIX USA executive, Ed Smith, was rapidly proceeding to trial in another Dallas district court (the "Smith Lawsuit"). (*See* Dkt. No.

14-2 ¶ 4.)  In the Smith Lawsuit, Mr. Smith brought similar claims against ORIX USA for breach of a similar equity option agreement.  (*Id.* ¶ 5.)  Just a few months before trial in the Smith Lawsuit, however, ORIX USA amended its expert report to assert baseless counterclaims against Mr. Smith for, among other things, violation of the Computer Fraud and Abuse Act ("CFAA") and breach of fiduciary duty.  (*See id.*)  Without any factual support, ORIX USA alleged that confidential ORIX information Smith purportedly retained during his period at ORIX USA was provided to Preston Hollow and that Preston Hollow somehow wanted, or needed, that information to pry ORIX USA employees away from their former employer.  (*See id.*)  Against this backdrop, Smith and ORIX ultimately settled the Smith Lawsuit on September 4, 2015.  (*Id.* ¶ 6.)

Following the resolution of the Smith Lawsuit, Thompson and ORIX mediated the Thompson Lawsuit on October 7, 2015 in Dallas, Texas.  (*Id.* ¶7.)  However, the parties failed to resolve the Thompson Lawsuit during that mediation.  (*Id.*)  Two weeks later—on October 23, 2015—ORIX filed this lawsuit 180 miles away in the Eastern District of Texas against Preston Hollow, the company that Thompson founded.  Much like the counterclaims in the Smith Lawsuit, this lawsuit alleged that Preston Hollow violated the CFAA because Thompson "direct[ed] an ORIX USA paralegal to process the required paperwork [to form Preston Hollow] on an ORIX USA computer."  (Dkt. No. 1, Compl., ¶ 16.) ORIX also alleges that PHC induced Mr. Thompson and Mr. Weiner to breach various alleged agreements with and duties towards ORIX during their transition from ORIX that occurred *almost two years ago*.

On December 2, 2015, PHC filed a motion to transfer venue from the Eastern District of Texas to the Northern District of Texas.  (Dkt. No. 14.)  That motion is now fully briefed, and the oral argument on this motion is set for February 18, 2016.  However, prior to this Court's

decision on the motion to transfer and without the courtesy of the initial discovery conference held on January 11, 2015, ORIX USA, by and through its attorney, issued subpoenas dated January 8, 2016 to **20 nonparty entities across the country**, all of whom are entirely unconnected to the allegations in this case.  The subpoenas request the production of 20 broad categories of documents, virtually all of which are equally accessible through party discovery requests to PHC. The subpoenas also request the production of very sensitive competitive business information.  All 20 nonparty subpoenas, along with a letter from plaintiff's counsel, are attached hereto as **Exhibit A**.

ORIX's decision to issue subpoenas to these third parties is simply a retaliatory and harassing attempt to extract a favorable settlement from Mr. Thompson and Mr. Weiner in the Dallas County Lawsuit. This Court should not allow these irrelevant, overly broad, and burdensome nonparty subpoenas to proceed and should therefore grant PHC's motion to quash and issue a protective order that either wholly shields the nonparty entities from this premature discovery or limits the scope of the requests by time, relevance, and whether the information is available through other means.

## ARGUMENT

### I. PHC HAS STANDING TO CHALLENGE THE NONPARTY SUBPOENAS

"As a general rule, a party has standing to challenge a nonparty subpoena in order to protect a personal right or privilege in the requested production." *Turnbow v. Life Partners, Inc.*, No. 3:11–cv–1030–M, 2013 WL 1632795, at *1 (N.D. Tex. April 16, 2013). Because all 20 of the subpoenas served by ORIX seek sensitive investment and financial information pertaining to PHC's business relationships, PHC has "a personal right in such information that is sufficient to confer standing for purposes of bringing the instant motion." *Id.*

## II. THE NONPARTY SUBPOENAS IMPOSE AN UNDUE BURDEN AND ARE THEREFORE UNREASONSABLE AND OPPRESSIVE.

Federal Rule of Civil Procedure 45 requires a court to quash or modify a subpoena that "subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(iv). A subpoena imposes an undue burden on the responding party when it is unreasonable and oppressive. *Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC*, 3:15-MC-122-M-BN, 2015 WL 7771078, at *5 (N.D. Tex. Dec. 3, 2015). In determining whether discovery requests impose an undue burden, courts consider the following factors: "(1) [the] relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

Importantly, courts must be particularly sensitive to the burdens placed on nonparties, and "concern for the unwanted burden thrust upon non-parties is a factor entitled to ***special weight*** in evaluating the balance of competing needs" in the Rule 45 inquiry. *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) (emphasis added); *see also Wiwa*, 392 F.3d at 818. The Advisory Committee notes to Rule 45 state that one purpose of the Rule is to ensure that "a non-party required to produce documents or materials is protected against significant expense resulting from involuntary assistance to the court." FED. R. CIV. P. 45 advisory committee's note, 1991 Amendments.

### a. The Nonparty Subpoenas are Unduly Burdensome Because They are Facially Overbroad.

"A facially overbroad subpoena is unduly burdensome." *Id.* at *1. "Courts have found that a subpoena for documents from a non-party is facially overbroad where the subpoena's

document requests 'seek all documents concerning the parties to [the underlying] action, regardless of whether those documents relate to that action and regardless of date'; '[t]he requests are not particularized'; and '[t]he period covered by the requests is unlimited.'" *Am. Fed'n of Musicians*, 2015 WL 7771078, at *5 (internal quotations and citations omitted).  Here, none of the requests are limited by any reasonable restriction on time or subject matter.  Instead, the requests seek virtually all documents and communications relating to every facet of either PHC's business or Mr. Thompson's and Mr. Weiner's business acquaintances.  Such overbroad requests will inevitably require a substantial production of irrelevant documents. Without more particularity, these requests amount to nothing more than a desperate fishing expedition.

In addition, the specified relevant time period—June 1, 2013 to December 31, 2015— is patently overbroad and arbitrarily selected without any regard to the periods ORIX USA itself claims are relevant in its First Amended Complaint.[1]  None of ORIX USA's allegations involves events dating back to June of 2013.  Nor is there anything in the complaint that would make documents, communications, or records dating to December of 2015 relevant. Indeed, based on the timeframes articulated by ORIX USA, it is apparent that ORIX USA has no need for any documents dated before the fall of 2013 and certainly has no need for any documents beyond the mid-summer of 2014. Therefore, without any reasonable restrictions on subject matter and time, each request exceeds proper discovery limits and improperly requires all 20 nonparty entities to produce irrelevant documents not reasonably calculated to lead to admissible evidence.[2]

---

[1] *See* (Dkt. No. 18, First Am. Compl., at 1-4, 9-16) (referencing no events having taken place prior to October 2013 and beyond July 2014).

[2] The absence of proper limitations on discovery could subject sensitive business material, proprietary information, and trade secrets to discovery and therefore unnecessarily impose more burden and expense on the responding party in objecting and seeking appropriate remedies.

---

### b. ORIX Can Obtain the Information Sought from Other Sources

The court must limit discovery if it determines that the discovery sought can be "obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C)(i); *see also Westinghouse Electric Corp. v. Carolina Power & Light Co.*, 1992 WL 370097, *1 (E.D. La. Nov. 30, 1992) (denying a motion to compel nonparty discovery because the information was obtainable from other sources). To the extent any of the requests are not overbroad, which PHC maintains they are, many of the communications, records, and materials sought could be obtained from either PHC or its employees, Mr. Thompson and Mr. Weiner. It is quite nonsensical for ORIX USA to jump the gun in bypassing less burdensome *party* discovery—discovery that would come from either a Texas entity or Texas residents— to pursue discovery from nonparty entities across the world.[3] Interestingly, ORIX USA served all 20 subpoenas prior to the initial discovery conference in this case and is seeking compliance on February 12, 2016, thirteen days before the party's initial production deadline on February 25, 2016. *See* Exhibit A; (Dkt. No. 40, Discovery Order, § 3).

Indeed, all but two of the requests refer to materials or communications sent or received by or produced by or for PHC, Mr. Thompson, or Mr. Weiner. ORIX USA, however, has made no attempt to ask PHC, Mr. Thompson, or Mr. Weiner for these alleged relevant materials—materials that undoubtedly would be unreasonably duplicative and cumulative to those within the possession of an actual party or its employees. Such inaction by the ORIX USA presents this Court with good cause to protect all 20 nonparty entities from the undue burden of producing potentially duplicative documents.

---

[3] Notably, the subpoenas list a range of places for production compliance: Texas, Florida, Colorado, New York, Massachusetts, Delaware, and Louisiana.

## III. THE NONPARTY SUBPOENAS WERE ISSUED FOR THE SOLE PURPOSE OF HARASSMENT

Rule 26(c) provides that a protective order is appropriate to protect a party or nonparty, such as Defendants and their business affiliates, from discovery that has been served for an improper purpose, including "annoyance, embarrassment" and "oppression." FED. R. CIV. P. 26(c). In the commercial litigation context, the possibility that discovery could be used to harass a competitor is readily apparent, particularly when the discovery sought is irrelevant, unnecessary, and could be sought from other sources. *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1325 (Fed. Cir. 1990).

"[W]here a less intrusive method of discovery is available," a party is not entitled to subpoena records from nonparties. *Richardson v. BBB Group, Inc.,* 3:14-CV-1014-M, 2014 WL 1724761, at *1 (N.D. Tex. Apr. 30, 2014). Courts are weary and suspicious of nonparty subpoenas that intentionally bypass discovery available from the actual parties of the litigation, *See Herrera v. Easygates*, LLC, No. 11–CV–2558–EFM–GLR, 2012 WL 5289663, at *2–3 (D. Kan. Oct. 23, 2012), and may consider whether the primary purpose of the subpoena is to harass and annoy a party or nonparty. *Elvis Presley Enterprises, Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889, 894 (6th Cir. 1991). Subpoenas that ignore obvious alternative sources of discovery are abusive. *Herrera*, 2012 WL 5289663, at *2–3; *see also Warnke v. CVS Corp.*, 265 F.R.D. 64, 69–70 (E.D. N.Y. 2010) (noting the potential disruption of employee-employer business relationships if a nonparty subpoena were allowed on plaintiff's current employer by plaintiff's former employer). To protect business relationships, subpoenas should only be used as a "last resort". *Warnke*, 265 F.R.D. at 70. Indeed, even the rules specifically require ORIX USA and its attorneys to "take ***reasonable steps*** to avoid imposing undue burden or expense on a person

subject to the subpoena." FED. R. CIV. P. 45(d)(1) (emphasis added). Here, it is clear that neither ORIX USA nor its attorneys have done so.

As apparent from all 20 subpoenas, none of the requests seek documents that could not otherwise be found in the possession of PHC or its employees. And no attempts have been made to retrieve the requested material from PHC or to confer with PHC regarding the information. Because most, if not all, of the requested documents are documents that ORIX USA can retrieve directly from PHC or its employees, there is absolutely no reason—other than to vexatiously interfere with and undermine PHC's business relationships—to subject 20 nonparty entities to these unnecessary subpoenas. In fact, ORIX USA's use of the discovery in this way flirts dangerously on the border of tortious interference, business disparagement, and unfair competition. ORIX USA should not be allowed to abuse its right to discovery in hopes to disrupt PHC's current and prospective business relationships and cause these entities to expend unnecessary time and money.

In sum, the lack of any reasonable time or subject matter restrictions and the absence of any attempt to retrieve the alleged relevant documents by less intrusive means underscore the goal of ORIX USA to annoy and harass PHC and its current and prospective business relations. This Court should therefore quash the nonparty subpoenas and issue an order protecting each nonparty from the undue burden, expense, and inconvenience of complying. Alternatively, this Court should issue a protective order that appropriately limits the scope of the requests by time, relevance, and whether the information is available through other means.

## IV. **IN ANY EVENT, THIS COURT SHOULD STAY THE NONPARTIES' COMPLIANCE UNTIL IT DECIDES THE MOTION TO TRANSFER VENUE**

The court has discretion to stay discovery for good cause shown. FED. R. CIV. P. 26(c). Where factors such as the "convenience of the witnesses and the location of records and documents" "necessarily implicate the ease of conducting merits-based discovery in a location which is near the relevant witnesses and documents," good cause exists to rule on a motion to transfer venue prior to commencing discovery in a case. *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (affirming the trial court's denial of merit-based discovery pending the trial court's change-of-venue determination); *see also Klein v. Silversea Cruises, Ltd.*, 3:14-CV-2699-G-BN, 2014 WL 7174299, at *1 (N.D. Tex. Dec. 16, 2014) (granting a motion to stay discovery pending the resolution of the motion to transfer venue).

Here, PHC's motion to transfer venue has been fully briefed and the Court will hear oral argument on this motion on February 18, 2016, only six days after the compliance date specified in the 20 subpoenas. Staying the compliance deadline until after this Court's decision will in no way prejudice ORIX USA. Instead, staying the deadline will not only promote judicial efficiency but will afford ORIX USA and PHC the opportunity to complete their own initial disclosures as well as confer and possibly resolve any need for nonparty involvement at this juncture.[4]

---

[4] Interestingly, a majority of the subpoenas require compliance in Dallas, Texas. It is not surprising that none of the subpoenas require compliance in Texarkana, or even this District for that matter, which further supports PHC's motion to transfer venue to the Northern District of Texas.

---

**DEFENDANT'S MOTION TO QUASH NONPARTY SUBPOENAS, MOTION FOR PROTECTIVE ORDER, AND ALTERNATIVE MOTION TO STAY NONPARTY DISCOVERY UNTIL RESOLUTION OF THE MOTION TO TRANSFER** **Page 10**
#4834-9863-6588

## CONCLUSION

For the reasons stated, this Court should grant Defendant's motion to quash, motion for protective order, and alternative motion to stay nonparty discovery until the Court's ruling on the motion to transfer venue.

Date:  January 14, 2016

Respectfully submitted,

*/s/ Michael P. Lynn, P.C.*
Michael P. Lynn, P.C. (mlynn@lynnllp.com)
Texas Bar No. 12738500
Jeremy A. Fielding (jfielding@lynnllp.com)
Texas Bar No. 24040895
Christopher Patton (cpatton@lynnllp.com)
Texas State Bar No. 24083634
Stephen Cole (scole@lynnllp.com)
Texas State Bar No. 24078358
**LYNN TILLOTSON PINKER & COX, L.L.P.**
2100 Ross Avenue, Suite 2700
Dallas, Texas  75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

-and-

T. John Ward (tjw@wsfirm.com)
Texas Bar No. 20848000
**WARD, SMITH & HILL, PLLC**
P.O. Box 1231
Longview, Texas 75606-1231
(903) 757-6400 Telephone
(903) 757-2323 Facsimile

**ATTORNEYS FOR DEFENDANT
PRESTON HOLLOW CAPITAL, LLC**

## **CERTIFICATE OF CONFERENCE**

Counsel for movant conferred with counsel for respondent on January 14, 2016 about each of the issues addressed above. The parties have not been able to reach an agreement.

Certified to on January 14, 2016, by

*/s/ Jeremy Fielding*
Jeremy Fielding

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served *via ECF* on counsel of record on January 14, 2016:

*/s/ Jeremy A. Fielding*
Jeremy A. Fielding