**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| ORIX USA CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:15-cv-00170-RWS |
| | § | |
| PRESTON HOLLOW CAPITAL, LLC, | § | Jury Trial Demanded |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH
NONPARTY SUBPOENAS, MOTION FOR PROTECTIVE ORDER, AND
ALTERNATIVE MOTION TO STAY NONPARTY DISCOVERY UNTIL
RESOLUTION OF THE MOTION TO TRANSFER**

Plaintiff ORIX USA Corporation ("O-USA") files this response in opposition to Defendant Preston Hollow Capital's ("PHC") Motion to Quash Nonparty Subpoenas, Motion for Protective Order, and Alternative Motion to Stay Nonparty Discovery Until Resolution of the Motion to Transfer (ECF 42) ("Motion") as follows:

## I. INTRODUCTION

1. Displaying an uncharacteristic generosity of spirit, PHC seeks to protect twenty recipients of Plaintiff issued subpoenas even though these non-parties have not sought relief from this or any court.[1]  Under these circumstances the Court lacks jurisdiction to quash the subpoenas.  *See Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-cv-1047-WCB, 2015 U.S. Dist. LEXIS 39046 (E.D. Tex. Mar. 27, 2015).  Nor does this Court have authority to grant a protective order because PHC does "not have standing to quash the subpoena on the basis that [the non-party] would be subjected to an undue burden when [the non-party] himself failed to so

---

[1] Three subpoenaed party have submitted objections to their subpoenas but that issue is being worked out with counsel for O-USA.  The compliance courts for those subpoenas are the District of Delaware, Southern District of Texas, and Northern District of Texas.  The time for objecting under Federal Rule of Civil Procedure 45 has expired for all but one of the remaining twenty subpoenas.

object."  *Bramell v. Aspen Exploration, Inc.*, No. 4:05-cv-384, 2008 WL 4425368, at *2 (E.D. Tex. Sept. 24, 2008).

2.      To the extent PHC seeks to protect itself from, as it says, "harassment," Rule 26(c), upon which it relies, requires a showing of "good cause" supported by proof, and Defendant offers nothing more than rhetoric and argument which is plainly insufficient. Defendant's request that the discovery be stayed pending a ruling on its motion to transfer is contrary to this Court's rules and undermines the Discovery Control plan to which Defendant agreed.  And practically speaking, if this Court stayed discovery every time a motion to transfer was filed, the litigation process would grind to a stop and frustrate the speedy justice promised by Rule 1 of the Federal Rules of Civil Procedure.  And Defendant does not suggest why this discovery would not follow the case even if it were transferred.  We elaborate below.

## II.      FACTUAL BACKGROUND

3.      PHC's recitation of the facts has little to do with the subject matter of the Motion or this lawsuit; instead it focuses on three cases in Texas state courts brought against O-USA by nonparties coupled with the unsupported claim that O-USA's "decision to issue [these] subpoenas . . . is simply a retaliatory and harassing [sic] attempt to extract a favorable settlement," in two of the three state court cases.  (ECF 42 at 4). The real factual background for the instant Motion (and this case) is more fully set forth in O-USA's First Amended Complaint ("FAC"),  (ECF 18 at ¶¶ 16–51), and below.

4.      In 2013, several PHC employees, while still working for O-USA, quietly formed PHC in the Eastern District, often using O-USA personnel and computers, so that it could immediately begin competing with O-USA in January 2014.  To accomplish this, PHC directed several O-USA employees to discretely begin a targeted marketing effort on its behalf geared

towards soliciting potential customers, investors, and business partners of O-USA.  O-USA now knows that these efforts were carried out with several dozen nonparties over the course of many months, while at the same time being actively concealed from O-USA by the very employees it entrusted to run its day to day business.  Indeed, O-USA is already aware of several different private email addresses over which PHC's employees communicated among themselves to secretly transmit O-USA confidential and proprietary documents to avoid O-USA's detection (some of which were created for that *express* purpose), and discovery in this matter has only just begun.

5.     On January 8, 2014, O-USA served the twenty nonparty subpoenas that are now the object of and attached to PHC's motion.[2]  Those requests seek the production of documents from the nonparties who PHC and its agents and employees contacted and solicited using O-USA's confidential and proprietary information, including its protected trademark and its historical investment track record, in order to lay the ground work for its nascent investment business.  The documents sought by the subpoenas go directly to O-USA's claims alleged in the FAC, including the Lanham Act violation, tortious interference with contracts, and conversion.  Within days of service, several of the subpoenaed nonparties contacted O-USA to coordinate production of the documents requested by the subpoenas.  As of the date of this Motion, O-USA was working with seven nonparties to ensure that the documents searched for and produced are tailored as narrowly as possible to the purpose for which the subpoenas were served: to facilitate the discovery of relevant evidence central to O-USA's claims.   (Exh. A, Glover Decl.).  Seventeen of the subpoenaed nonparties have not served objections under Federal Rule of Civil Procedure 45 and the deadline for nineteen of the twenty nonparties to do so has passed.  *Id.*

---

[2] O-USA served six additional nonparty subpoenas on January 22, 2016, and one additional nonparty subpoena on January 29, 2016.  They are not the object of any pending motion.

Only three nonparties have objected to their subpoenas, and counsel for O-USA are conferring with those parties in an attempt to resolve those objections without court intervention.  *Id*.  If agreement cannot be reached, the matter will be resolved in the compliance courts; that is, the District of Delaware, the Southern District of Texas, and the Northern District of Texas, respectively.  *Id*.

6.      Within one week after the subpoenas were issued, PHC filed the instant Motion in this Court, the issuing court, despite Rule 45's clear requirements to file motions to quash subpoenas in the courts "*where compliance is required.*"  *See* FED. R. CIV. P. 45(d)(3)(A) and (B) (emphasis added).  As PHC admits, the compliance courts for these subpoenas are found in that is, Florida, Colorado, New York, Massachusetts, Delaware, Louisiana, and the Northern District of Texas.  (ECF 42 at 7 n. 3).  This Court, therefore, is without jurisdiction to quash or modify the subject subpoenas.  The motion to quash the subpoenas must be dismissed.

7.      The Motion also seeks a Rule 26(c) protective order quashing the subpoenas on behalf of both PHC and the nonparties.  PHC complains generically that it has a personal right in the information sought by the subpoenas and that the subpoenas subject the nonparties to undue burden, are overbroad, irrelevant, and that O-USA can obtain the documents from other sources.  PHC also complains that the nonparty subpoenas were issued for the sole purpose of harassment.

8.      PHC's conclusory statements, however, are not sufficient to establish a personal right or confer PHC standing to quash or for a protective order on its behalf for the simple reason that it has not made a particular and specific demonstration of fact by way of evidence and affidavits to prove good cause necessary for a protective order.  Furthermore, Rule 26(c) does not confer vicarious standing on PHC to seek a protective order on behalf of nonparties who have not appeared in this case.  PHC also does not have standing to move for a protective order

under Rule 26(c) on the grounds that the subpoenas are overbroad, harassing to the nonparties, or

unduly burdensome because the nonparties have not approved or lodged objections in this Court.

In any event, a party moving for a protective order under Rule 26(c) must show good cause in

order to obtain the relief sought. PHC has not met that burden.  PHC's motion is nothing more

than argument and unsupported conclusory statements utterly lacking the requisite specificity

and particular demonstration of fact required for a protective order.

9.    Alternatively, PHC asks this Court to stay compliance until after the motion to

transfer venue is decided.  This Court's local rules do not excuse parties from responding to

discovery due to motions to change venue.  Although the Court has discretion to stay discovery

for good cause shown, PHC's argument that a stay "will in no way prejudice" O-USA does not

rise to that level.  For the reasons set forth below, including the threshold procedural defects, the

requested relief should be denied.

### III.    ARGUMENT AND AUTHORITIES

**A.    This Court Lacks Jurisdiction Because It Is Not A Court of Compliance of Any One of the Subpoenas at Issue.**

10.    PHC's motion to quash the nonparty subpoenas is not properly before this Court.

Federal Rule of Civil Procedure Rule 45 makes clear that motions to quash subpoenas be heard

in "the court for the district where compliance is required."  FED. R. CIV. P. 45(d)(3).  Rule 45

provides that a subpoena to a third party for testimony or documents must issue from the court

where the action is pending.  FED. R. CIV. P. 45(a)(2).  "The rule further makes clear, however,

that matters relating to the enforcement of the subpoena are to be directed to the court 'for the

district where compliance is required.'"  *Trover Grp.*, 2015 U.S. Dist. LEXIS 39046, at *3–4.

Those matters include the duty to address motions to quash or modify a subpoena.  *See id.*; FED.

R. CIV. P. 45(d).  Accordingly, Rule 45 does not confer jurisdiction for deciding an original

motion to quash upon a court other than the compliance court.  *Id.* (citing *Marawski v. Farmers Tex. Cnty. Mut. Ins. Co.*, No. 3:14-mc-21-D-BN, 2014 WL 717170, at *1 (N.D. Tex. Feb. 25, 2014); *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-cv-708, 2014 WL 4079555, at *3 (D. Nev. Aug. 15, 2014) ("Under the current version of the Rule, when a motion to quash a subpoena is filed in a court other than the court where compliance is required, the court lacks jurisdiction to resolve the motion.")).

11.   *Trover Group* is on point.  In *Trover*, the district court dismissed the motion to quash a nonparty subpoena on the ground that it was not properly before the court and should have instead been filed in the United States District Court for the Southern District of Florida, the place where compliance with the subpoena was required.  *Id.* at *3.  In its ruling, the court noted that the subpoena at issue specifically directed that compliance was to take place at a location within the Southern District of Florida, stating, "[i]t is therefore that court, not this one, that is authorized to address [the] motion."  *Id.* at *5.  The court continued, "because this Court is the issuing court and not the court in the district where compliance is required, this Court is not empowered to make that determination in the first instance."  *Id.* at *6.

12.   Here, the subpoenas at issue were issued in the name of the Eastern District of Texas, where this action is pending, and, as PHC admits, the compliance courts for these subpoenas are located in Florida, Colorado, New York, Massachusetts, Delaware, Louisiana, and the Northern District of Texas, the Western District of Texas, and the Southern District of Texas. (ECF 42 at 7 n. 3; *see also* ECF 42-1 at 3, 12, 21, 30, 39, 57, 66, 75, 84, 93, 102, 120, 129, 138, 147, 156, 165, & 174).  Moreover, two of the subpoenas require compliance in the Southern and Western Districts of Texas, respectively.  (*See* ECF 42-1 at 48 & 111).  Consequently, this Court

is not "the court in the district where compliance it required" and, therefore, it is not empowered to make that determination. *See Trover Grp.,* 2015 U.S. Dist. LEXIS 39046, at *3.

13.     Accordingly, the motion to quash the nonparty subpoenas pursuant to Rule 45 should be DISMISSED.

**B.     PHC Does Not Have Standing to Challenge the Nonparty Subpoenas.**

14.     PHC contends it has standing to challenge the nonparty subpoenas because "all of the 20 subpoenas served by ORIX seek sensitive investment and financial information pertaining to PHC's business relationships, [and] PHC has a personal right in such information that is sufficient to confer standing for purposes of bringing this instant motion," quoting from *Turnbow v. Life Partners, Inc.* No. 3:11-cv-1030-M, 2013 WL 1632795, at *1 (N.D. Tex. April 16, 2013). (ECF 42 at 4). In *Turnbow*, however, the defendants sought to quash and moved for a protective order in connection with one subpoena pertaining to (1) "all management letters related to any audits of Defendants' financial statements . . . and any related communications with Defendants," (2) "all documents related to Defendants' internal controls and any related communications with Defendants", and (3) "all documents related to any impairment analysis of Defendants' assets and any related communications." In finding that the defendants had standing to challenge the nonparty subpoena, the court noted that the subpoena was not limited by any reasonable restriction on time and sought all of the defendants' accounting records and other sensitive financial information and communications pertaining to defendants and their business, that "relate to virtually every facet of [d]efendants' accounting and financial policies and procedures and encompass documents relating to internal controls far outside those relevant to the claims at issue." *Turnbow*, 2013 WL 1632795, at *1. The instant case is a stark contrast.

15.    PHC contends in conclusory fashion that it has a "personal right" in the information sought by the subpoenas but has offered no evidence or affidavits to support that claim.  It has not identified a single business relationship among the subpoenaed nonparties nor has it identified which, if any, of the requests seek investment or financial information pertaining to its business relationships.  Furthermore, unlike in *Turnbow*, the subpoenas are not unlimited in time but instead are confined to the time period from June 1, 2014 to December 31, 2015 (a period of nineteen (19) months), and the majority of requests in the subpoenas seek documents, communications, agreements and records of payment between the subpoenaed nonparty and Thompson, Wiener, and O-USA.  (*See, e.g.*, ECF 42-1 at 10–11).  Simply put, PHC has not shown or explained how these requests seek investment or financial information pertaining to its business relationships.  Accordingly, because PHC has not shown that it has a personal right in the information sought by "all 20 of the subpoenas" it does not have standing to object or move to quash "all 20 of the subpoenas" under Rule 45 or for protection under Rule 26.

**C.     PHC Does Not Have Standing to Quash the Nonparty Subpoenas On the Basis of Undue Burden, Overbreadth or Lack of Relevance.**

16.    PHC contends the nonparty subpoenas must be quashed because they are facially overbroad, unduly burdensome and "such overbroad requests will inevitably require a substantial production of irrelevant documents."  (ECF 42 at 5–7).  A party, however, "cannot challenge a Rule 45 subpoena directed to a third party on the basis that it violates another person's privacy rights . . ., is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds."  *See Wilkerson v. Stalder*, No. 00-3-4-JJB-RLB, 2015 U.S. Dist. LEXIS 61698, at *11 (M.D. La. May 11, 2015) (denying a motion for protective order and to quash); *see also Bramell*, 2008 WL 4425368, at *2 ("The Defendants do not have standing to quash the subpoena on the basis that

Cobb would be subjected to an undue burden when Cobb himself failed to so object."); *see also* 8 C. WRIGHT, A. MILLER & E. COOPER, FED. PRAC. AND PROC. § 2035 (3d ed. 2010) ("A party may not ask for an order to protect the rights of another party or a witness if that party or witness does not claim protection for himself).

17.     For this reason, the cases cited by PHC (*Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004); *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998); *Am. Fed'n of Musicians v. Skodak Films, LLC*, No. 3:15-mc-122-M-BN, 2015 WL 7771078 (N.D. Tex. Dec. 3, 2015); & *Westinghouse Elec. Corp. v. Carolina Power & Light Co.*, No. 91-4288, 1992 WL 370097, at *1 (E.D. La. Nov. 30, 1992)), for the proposition that courts are "particularly sensitive to the burdens placed on nonparties" are inapposite because in those cases the nonparties objected to and sought to quash the subpoenas.  (*See* ECF 42 at 5-7).  Such is not the case here.

18.     Furthermore, PHC's own authority addressing other allegedly burdensome and duplicative subpoenas (which address motions filed by the nonparty) is replete with evidence (from the nonparty) supporting the subpoena modifications.[3]  *See Am. Fed'n of Musicians*, 2015 WL 7771078, at *5; *Wiwa*, 392 F.3d at 818.  Yet PHC's Motion asks this Court for relief on behalf of these nonparties, claiming knowledge that the subpoenas "will inevitably require a substantial production of irrelevant documents" and the information "would be unreasonably duplicative and cumulative . . . ."  (ECF 42 at 6–7).  PHC offers no proof—in the form of affidavits or otherwise—to substantiate these claims of burden and oppression, and such conclusory allegations do not justify a protective order.

---

[3] Notably, PHC's lead authority did not even quash the nonparty subpoenas at issue in those cases, choosing to modify them instead, despite express findings by those courts that the subpoenas were overbroad as written.  *Wiwa*, 392 F.3d at 822 (modifying as opposed to quashing a subpoena); *Am. Fed'n of Musicians*, 2015 WL 7771078, at *19 (same).  That is because, as the Fifth Circuit pointed out in *Wiwa*, "modification of a subpoena is preferable to quashing it outright.  *Wiwa*, 392 F.3d at 818.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH, FOR PROTECTION, AND FOR STAY OF DISCOVERY**                                              **PAGE 9**

19.     PHC contends that O-USA should have sought the information from other sources, including PHC, and that "many of the communications, records, and materials sought could be obtained from either PHC or its employees, Mr. Thompson and Mr. Weiner." (ECF 42 at 7).  If PHC were sincere, one would expect that they would have already produced such documents, but they have not, and given the surreptitious activities of PHC complained of in the FAC, it is not likely that PHC will willing produce such documents anytime soon. Accordingly, PHC does not have standing to quash or modify the subpoenas or seek protection on the basis that the subpoenas are overbroad, unduly burdensome, harassing to the nonparties or that they seek irrelevant information from the nonparties.

20.     The motion to quash should be DISMISSED.

## D.     PHC Does Not Have Vicarious Standing to Seek Protection for Nonparties Under Rule 26(c).

21.     Relying on Rule 26(c), PHC contends a protective order is appropriate to protect it "and their business affiliates," from discovery served for an improper purpose.  (ECF 42 at 8). PHC requests this Court "quash the nonparty subpoenas and issue an order *protecting each nonparty* from . . . complying."  (ECF 42 at 8-9) (emphasis added).

22.     Rule 26(c), however, provides that "[a] party or any person from whom discover is sought may move for a protective order"; it does not authorize a party to seek a Rule 26 protective order on a nonparty's behalf.  *See Frias Holding Co. v. Greenberg Traurig, LLP*, No. 2:11-cv-160-GMN-VCF, 2015 U.S. Dist. LEXIS 101020 at *12-14 (D. Nev. 2015).  PHC, therefore, does not have "vicarious standing" to seek a protective on behalf of the nonparties who have not appeared in this case.  *See id.*; *see also Bramell*, 2008 WL 4425368, at *2 ("The Defendants do not have standing to quash the subpoena on the basis that Cobb would be subjected to an undue burden when Cobb himself failed to so object."); *see also* 8 C. WRIGHT, A.

MILLER & E. COOPER, FED. PRAC. AND PROC. § 2035 (3d ed. 2010) ("A party may not ask for an order to protect the rights of another party or a witness if that party or witness does not claim protection for himself). Accordingly, the motion for a Rule 26(c) protective order on behalf of the nonparties should be DISMISSED.

### E.    PHC Failed to Show Good Cause Required Under Rule 26 for a Protective Order.

23.    As for PHC, "Rule 26(c) requires that good cause and a specific need for protection be shown for the Court to issue a protective order." *De Santiago-Young v. Histopath, Inc.*, No. 2:14-cv-179, 2015 U.S. Dist. LEXIS 43302, at *1 (S.D. Tex. Apr. 1, 2015) (citing FED. R. CIV. P. 26(c)); *see also Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 133 (E.D. Tex. 2003). To establish good cause, "[t]he burden is upon the movant to prove the necessity of a protective order, 'which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *Ferko*, 218 F.R.D. at 133; *see also De Santiago-Young*, 2015 U.S. Dist. LEXIS 43302, at *1 (citing *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998)).

24.    When resisting discovery, "[a] party . . . *must show specifically how each document request* is overly broad, burdensome or oppressive." *Sedtal v. Genuine Parts Co.*, No. 1:08-cv-413-TH, 2009 WL 2216593, at *4 (E.D. Tex. July 23, 2009) (emphasis added) (citing *McLeod, Alexander, Powel & Apffel, P.C.*, 894 F.2d at 1485. Conclusory recitations of burdensomeness and expense are insufficient to justify granting a party relief. *McLeod, Alexander, Powel & Apffel, P.C.*, 894 F.2d at 1485. In *McLeod*, for example, the Fifth Circuit held a party's objections that request for documents were "over broad," "propounded with the intent to harass" and "irrelevant" without showing how each request was overbroad, or harassing was insufficient to warrant a protective order. *Id*. at 1485. Instead, a specific showing of

overbreadth, burden, or oppression must be made "by submitting affidavits or offering evidence revealing the nature of the burden." *Alvarez v. Aldi (Texas) LLC*, No. 3:13-cv-4122-L, 2014 WL 3624929, at \*2 (N.D. Tex. July 22, 2014) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005)).  PHC's motion for protection, however, is nothing more than conjecture and speculation, and as the Fifth Circuit found in *McLeod,* is insufficient to warrant a protective order.  (*See* ECF 42 at 8–9).

25.     PHC has not lodged an objection to a single specific request.  Furthermore, PHC has provided *no evidence or affidavits whatsoever* revealing the nature of its perceived harassment or harm to satisfy its burden of proof to show good cause.  Instead, PHC merely attaches the 20 subpoenas as lone proof of its conclusory claim.

26.     While PHC argues that the subpoenas' "specified relevant time period—June 1, 2013 to December 31, 2015—is patently overbroad," because, it says, those dates are not reflected in the First Amended Complaint, the time period is one of just over eighteen months and can hardly be said to be overbroad.  (ECF 42 at 6).  Its conclusory allegations fall short of the good cause standard adopted by this and other Courts, and the Motion should be denied.[4]

27.     PHC also argues that discovery from nonparties that *might possibly* be available elsewhere amounts to harassment and abuse.  (*See* ECF 42 at 8-9).  However, most of the cases it cites, (which sound largely in the former employer-employee context where the employee established a personal right or the nonparty objected to production), contain one similarity: other exact copies of the information necessary to prosecute or defend the claim were *either already available and forthcoming or already produced.  See Warnke v. CVS Corp.*, 265 F.R.D. 64, 69–

---

[4] PHC also alleges that the use of the discovery rules and the rules of this Court by O-USA and O-USA's attorneys somehow amounts to tortious conduct as well as other violations of law.  (*See* ECF 42 at 9).  But these allegations, too, lack record support, and O-USA thus objects to any such claim.

70 (E.D.N.Y. 2010) ("[I]nformation sought in the subpoenas has already been produced."); *Richardson v. BBB Grp., Inc.*, 3:14-CV-1014-M, 2014 WL 1727461, at *1 (N.D. Tex. Apr. 30, 2014) ("Plaintiff has already produced the requested information and documents . . . ."); *Herrera v. Easygates, LLC*, No. 11-CV-2558-EFM-GLR, 2012 WL 5289663, at *2–3 (D. Kan. Oct. 23, 2012) (granting protection where the Plaintiff agreed to provide the information requested from the nonparty).

28.     This distinction is not small.  Because PHC employees were actively creating and using various methods of communication to support its discrete operations outside the purview of O-USA, (*see* ECF 18 at ¶ 31), O-USA has no other choice than to go to the recipient sources of these communications to ensure the truth is revealed not concealed.  *See Andra Grp., LP v. JDA Software Grp., Inc.*, No. 3:15-mc-11-K-BN, 2015 WL 1636602, at *8, *13–16 (N.D. Tex. Apr. 13, 2015) (allowing discovery under a nonparty subpoena, though the requests at issue asked for every relevant document in the nonparty's possession, because the documents "clearly do seek production of admissible evidence or evidence that is reasonably calculated to lead to the discovery of admissible evidence in light of the claims and defenses").  PHC's argument alone, bereft of any evidence or affidavits, is not good cause sufficient to justify a protective order under Rule 26.  *See Ferko*, 218 F.R.D. at 133.  The Motion should be denied.

**F.     This Court's Rules Preclude Defendant from Receiving A Stay of Discovery.**

29.     PHC is not entitled to a stay of discovery while its Motion to Transfer Venue, (ECF 14), is pending.  Control of discovery is committed to this Court's sound discretion.  *See Klein v. Silversea Cruises, Ltd.*, No. 3:14-cv-2699-G-BN, 2014 WL 7174299, at *1 (N.D. Tex. 2014) (cited by PHC at ECF 42 at 10).  This Court's local rules are straightforward: "Absent court order to the contrary, a party is not excused from responding to discovery because there are

pending motions to dismiss, remand, or *to change venue*."  E.D. TEX. L.R. CV-26 (emphasis

added).  This excuse, which the rule's title, "No Excuses," does not allow PHC to halt progress

in this matter that is set for trial in less than nine months.  (*See* ECF 45).

30.  Furthermore, although the Court has discretion to stay discovery "for good cause

shown," PHC has failed to address or even attempt to show good cause for a stay.  They do not

address the convenience factors for the witnesses or documents which would typically support a

stay of discovery nor could they because the discovery at issue is for nonparties to produce

subpoenaed documents in numerous locations throughout the country.  Consequently, there is no

connection between the discovery that is at issue here that will be aided or alleviated by a

transfer of venue.  Finally, though PHC claims that "[s]taying the compliance deadline until after

this Court's decision will in no way prejudice ORIX USA[,]" (ECF 42 at 10), it makes no

affirmative showing that a stay is necessary, and the Court's discovery order (to which PHC

agreed) relies on the Court's no excuses mandate in establishing a quick and efficient disposition

of this case.  In any event, even if PHC were afforded the relief set forth in the Motion to

Transfer Venue, any nonparty discovery in this case, which as addressed above will be governed

by the compliance court for each subpoena, will still be just as useful.  The request for a stay

should be denied.

## IV.    CONCLUSION

31.  PHC's attempt to stall discovery in this case (as soon it started) ignores entirely

the proper procedures for seeking relief when nonparty subpoenas are involved.  PHC

improperly requests this Court to quash these subpoenas pursuant to Rule 45 when such relief is

only available in the compliance courts, and it does not have standing to seek protection on

behalf of nonparties under either Rule 26(c) or 45.  Even if PHC had standing to seek a

protective order under Rule 26(c), which it has not established, the requested relief is nothing more than bald speculation because PHC has failed to provide any evidence supporting its request for quashing or receiving protection regarding the nonparty subpoenas.  Instead, PHC asks for relief based on conjecture, while at the same time insinuating—without support— misconduct on O-USA's part and on the part of its attorneys.  O-USA thus respectfully requests that this Court deny PHC's motion to quash, deny PHC's motion for protective order, deny PHC's alternative motion to stay nonparty discovery until resolution of the motion to transfer, and for any other relief to which O-USA may be entitled.

Dated: February 1, 2016

Respectfully Submitted,

**JACKSON WALKER LLP**

By: */s/ Charles L. Babcock*

David Folsom (dfolsom@jw.com)
Texas State Bar No. 07210800
6002 Summerfield, Suite B
Texarkana, Texas 75503
(903) 255-3250
(903) 255-3265 – Fax

Charles L. Babcock (cbabcock@jw.com)
Lead Attorney
Texas State Bar No. 01478500
Carl C. Butzer (cbutzer@jw.com)
Texas State Bar No. 03545900
Lauren E. Mutti (lmutti@jw.com)
Texas State Bar No. 24050042
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6000
(214) 953-5822 – Fax

Nancy W. Hamilton (nhamilton@jw.com)
Texas State Bar No. 11587925
John K. Edwards (jedwards@jw.com)
Texas State Bar No. 24002040
Joel R. Glover (jglover@jw.com)
Texas State Bar No. 24087593
1401 McKinney Street, Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 – Fax

Of Counsel:
Law Office of George L. McWilliams, P.C.
George L. McWilliams (glmlawoffice@gmail.com)
Texas State Bar No. 13877000
Post Office Box 58
Texarkana, Texas-Arkansas 75504
Telephone: (870) 772-2055
Facsimile: (870) 772-0513

**ATTORNEYS FOR PLAINTIFF ORIX USA
CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

     This is to certify that on February 1, 2016, a true and correct copy of the foregoing instrument was served via the Court's Electronic Filing System on all counsel of record.


*/s/ Joel R. Glover*
Joel R. Glover