IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ORIX USA CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:15-cv-00170-RWS |
| | § | |
| PRESTON HOLLOW CAPITAL, LLC, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO QUASH NONPARTY SUBPOENAS, MOTION FOR PROTECTIVE ORDER, AND ALTERNATIVE MOTION TO STAY NONPARTY DISCOVERY**

Defendant Preston Hollow Capital, LLC ("Preston Hollow") files this reply memorandum in support of its Motion to Quash Plaintiff ORIX USA Corporation's ("ORIX") Nonparty Subpoenas, Motion for Protective Order, and Alternative Motion to Stay Discovery.

## I. REPLY ARGUMENT

**A. Preston Hollow Can Establish Good Cause Necessary for a Protective Order.**

Preston Hollow can establish the good cause required to support its requested protective order because each of the dozens of subpoenas issued by ORIX are facially overbroad. "A facially overbroad subpoena is unduly burdensome." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003).[1] Contrary to ORIX's response brief, Preston Hollow need not list each request that is overbroad when it is facially apparent that the requests seek virtually all documents and communications relating to every facet of either Preston Hollow's

---

[1] *See also Williams v. City of Dallas*, 178 F.R.D. 103, 108-09 (N.D. Tex. 1998) (agreeing with Mr. Babcock's argument as a nonparty subpoena recipient that "that the subpoenas are facially overbroad and burdensome because [the subpoena issuer] has not identified any specific document to be produced; the request is not limited in time or topic to any issue of consequence to this litigation or to any other litigation").

---

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO QUASH,
MOTION FOR PROTECTIVE ORDER, AND ALTERNATIVE MOTION TO STAY**  Page 1
#4843-2919-6846

business or Mr. Thompson's and Mr. Weiner's business acquaintances. *See Am. Fed'n of Musicians of the United States & Canada v. Skodam Films*, LLC, 3:15-MC-122-M-BN, 2015 WL 7771078, at *7 (N.D. Tex. Dec. 3, 2015) (finding that the movant was not required to object with specificity when the subpoena "was overbroad on its face and exceed[ed] the bounds of fair discovery").

ORIX's subpoenas are facially overbroad because they ask for all documents and communications between Preston Hollow and the subpoenaed entity, without any limitations as to scope and no meaningful limitations as to time. For instance, among other things, each of the subpoenas seeks (1) "[a]ll written communications between Preston Hollow and" the subpoenaed entity; (2) "[a]ll written communications between Thompson and" the subpoenaed entity; and (3) "[a]ll written communications between Weiner and" the subpoenaed entity. Further, the subpoenas' responsive time period is facially overbroad because it extends from June 2013 through December 2015. There are no allegations in the ORIX's First Amended Complaint that pre-date October 2013 or that can reasonably extend beyond April 1, 2014 (when Mr. Thompson's noncompetition and nonsoliciation provisions expired). Thus, based on ORIX's own requests and timeframes, the subpoenas are overbroad and merit a protective order.

ORIX's response also completely ignores the fact that the very documents it seeks from the dozens of nonparties across the country can just as easily be obtained from Preston Hollow, Mr. Thompson, or Mr. Weiner. ORIX contrives an explanation why the subpoenas might be necessary by implying that Preston Hollow is unlikely to comply with its discovery obligations in this case. But that is mere pretext. Under this Court's own discovery order, document production is not required yet, and ORIX can point to nothing to suggest that such discovery is not forthcoming.

Because ORIX can obtain these same documents from Preston Hollow, the only remaining logical conclusion is that ORIX served these subpoenas with the goal of interfering with Preston Hollow's business relationships. Rule 26(c) provides that a protective order is appropriate to protect a party or nonparty from discovery that has been served for an improper purpose, including "annoyance, embarrassment" and "oppression." FED. R. CIV. P. 26(c). This is especially true here "where a less intrusive method of discovery is available," a party is not entitled to subpoena records from nonparties. *Richardson v. BBB Group, Inc.,* 3:14-CV-1014-M, 2014 WL 1724761, at *1 (N.D. Tex. Apr. 30, 2014). Indeed, to protect business relationships, courts are clear that subpoenas should only be used as a "last resort." *Warnke*, 265 F.R.D. at 70.

Finally, ORIX cannot rely on *Andra Group, LP v. JDA Software Group, Inc.*, to support its efforts to obtain this unnecessary and over third-party discovery here. <u>First</u>, in *Andra*, the court's decision to allow nonparty discovery hinged on the nonparty's significant and close business relationship with a party to that lawsuit. 2015 WL 1636602, at *9 (N.D. Tex. Apr. 13, 2015). <u>Second</u>, the court in *Andra* specifically narrowed the third party discovery requests at issue by prohibiting discovery of any documents from the third party that were also in the possession of the party to the lawsuit. *Id.* ("Defendant admits that it is seeking discovery of the same documents from its opponent. . .. Defendant's need to have a non-party search for and produce those communications is—at least absent a showing that Andra has not produced and will not be able to produce all of those communications—much lower for purpose of this analysis. Defendant can revisit this issue once Andra's production is complete[.]"). Here, ORIX has not alleged any substantial relationship between Preston Hollow and the various subpoenaed entities that would merit application of the principles set forth in *Andra*. Moreover, as explained

above, the same documents ORIX seeks form the subpoenaed entities are fully obtainable from Preston Hollow and its employees.

**B.     This Court Has Jurisdiction to Decide This Issue.**

Because Preston Hollow has moved for protective order with respect to the non-party subpoenas issued by ORIX, the Court has jurisdiction to decide this Motion. *See AngioScore, Inc. v. TriReme Med., Inc.*, 12-CV-03393-YGR JSC, 2014 WL 6706873, at *2 (N.D. Cal. Nov. 25, 2014) (acknowledging the issuing court's jurisdiction to decide the nonparty subpoena matters pursuant to Fed. R. Civ. P. 26(c)); *SynQor, Inc. v. Vicor Corp.*, 3:14-MC-79-D-BN, 2014 WL 2519242, at *1 (N.D. Tex. June 3, 2014) (noting that the court would have had jurisdiction pursuant to Rule 26(c) had it been the court where the underlying case was pending). Moreover, Federal Rule of Civil Procedure 45(f) permits the compliance court to transfer any motion to quash to the issuing court if exceptional circumstances exist. Thus, in the interest of judicial economy, the Court can simply decide Preston Hollow's motion for protective order here and prohibit enforcement of the subpoenas.

**C.     Preston Hollow Has Standing to Challenge ORIX's Nonparty Subpoenas.**

"[A] party has standing to challenge a nonparty subpoena in order to protect a personal right or privilege in the requested production." *Turnbow v. Life Partners, Inc.*, No. 3:11–cv–1030–M, 2013 WL 1632795, at *1 (N.D. Tex. April 16, 2013). ORIX has broadly sought ***all*** documents and communications between Preston Hollow and a variety of entities who have had business dealings with Preston Hollow necessarily invites exposure of Preston Hollow's sensitive investment and financial information. Preston Hollow's "personal right in such information . . . is sufficient to confer standing[.]" *Id.* In any event, Preston Hollow has standing to move for a protective order pursuant to Rule 26(c). *See Auto-Owners Ins. Co. v. Se. Floating*

---

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO QUASH,**
**MOTION FOR PROTECTIVE ORDER, AND ALTERNATIVE MOTION TO STAY**            Page 4
#4843-2919-6846

*Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *see also Maxwell v. Health Ctr. of Lake City, Inc.,* 3:05CV1056-J-32MCR, 2006 WL 1627020, at *2 (M.D. Fla. June 6, 2006) ("[T]he Court does not need to decide whether Plaintiff has standing under Rule 45 at this time because Plaintiff also asserts Rule 26 as a basis for seeking a protective order.")

### D. This Court Has Discretion To Stay Nonparty Discovery.

For good cause, this Court can stay discovery. FED. R. CIV. P. 26(c). Staying discovery in the face of a pending motion to transfer venue is neither rare nor impermissible. *See, e.g., Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994); *Klein v. Silversea Cruises, Ltd.*, 3:14-CV-2699-G-BN, 2014 WL 7174299, at *1 (N.D. Tex. Dec. 16, 2014). Thus, given the breadth of the subpoenas along with the pending motion to transfer, this Court should employ its discretion to stay all third-party discovery in this case.

### II. CONCLUSION

For the reasons set forth above, this Court should grant Defendant's motion to quash, motion for protective order, and alternative motion to stay nonparty discovery.

Date:  February 11, 2016                    Respectfully submitted,

>   */s/ Michael P. Lynn, P.C.*
>   Michael P. Lynn, P.C. (mlynn@lynnllp.com)
>   Texas Bar No. 12738500
>   Jeremy A. Fielding (jfielding@lynnllp.com)
>   Texas Bar No. 24040895
>   Christopher Patton (cpatton@lynnllp.com)
>   Texas State Bar No. 24083634
>   Stephen Cole (scole@lynnllp.com)
>   Texas State Bar No. 24078358
>   **LYNN PINKER COX & HURST, L.L.P.**
>   2100 Ross Avenue, Suite 2700
>   Dallas, Texas  75201
>   (214) 981-3800 Telephone
>   (214) 981-3839 Facsimile

-and-

T. John Ward (tjw@wsfirm.com)
Texas Bar No. 20848000
**WARD, SMITH & HILL, PLLC**
P.O. Box 1231
Longview, Texas 75606-1231
(903) 757-6400 Telephone
(903) 757-2323 Facsimile

**ATTORNEYS FOR DEFENDANT
PRESTON HOLLOW CAPITAL, LLC**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served *via ECF* on counsel of record on February 11, 2016:

*/s/ Christopher Patton*
Christopher Patton